FILED

**NOT FOR PUBLICATION**

APR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REB PROPERTIES, LLC, an Arizona limited liability company,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>WILLIAM L. TOWLER, husband; JACQUELINE KAY JOHNSON, wife; MATT RYAN, Chairman of the Board of Supervisors of Coconino County; STEVE PERU, County Manager of Coconino County; COCONINO COUNTY, a political Subdivision of the State of Arizona,<br><br>    Defendants - Appellees. | No. 09-17724<br><br>D.C. No. 3:09-cv-08072-DKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding

Submitted April 14, 2011[**]
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN and N.R. SMITH, Circuit Judges, and BLOCK, District Judge.[***]

REB Properties, LLC, appeals the district court's order on the parties' cross-motions for partial summary judgement. Although the order did not resolve all claims, it included a denial of Appellant's request for injunctive relief. We therefore have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the merits of that request. *See TransWorld Airlines, Inc. v. American Coupon Exchange, Inc.,* 913 F.2d 676, 680 (9th Cir. 1990). We affirm.

The issue on appeal is the applicability of Arizona Revised Statutes §§ 11-830(A)(2) and 11-865(A)(1), which create agricultural and other exemptions to county land-use regulations. As the Arizona Supreme Court has not addressed this issue, we look to decisions from the Arizona Court of Appeals for guidance. *See Nelson v. City of Irvine*, 143 F.3d 1196, 1206-07 (9th Cir. 1998).

"On-site housing for full-time farm workers can be said to be 'incidental' to farming because housing the workers on the farm is a subordinate accommodation to their primary role as employees . . . ." *Braden Trust v. County of Yuma*, 69 P.3d 510, 513 (Ariz. Ct. App. 2003). While the *Braden Trust* court was willing to apply the exemption from regulation to the construction of housing for full-time farm

---

[***] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

workers, it noted "that the agricultural use exemption from county regulation should not 'be manipulated and twisted into a protection for virtually any use of the land as long as some agricultural activity [is] maintained on the property.'" *Id.* at 514 (quoting *County of Kendall v. Aurora Nat'l Bank Trust No. 1107*, 524 N.E.2d 262, 267 (Ill. App. Ct. 1988)).

Here, the potential purchasers of tenancies-in-common would not be full-time farm workers. They would not be required to perform any set amount of work hours, need not even be capable of farm labor, and could hire others to fulfill their indeterminate work requirements. Residential building on agricultural or ranching land in this case would not be incidental to agricultural activity, and is therefore not exempt from regulation.

Nor does the de minimis ownership arrangement of the proposed development scheme save Appellant. That potential purchasers would each share a small fraction of one percent of profits and losses from agricultural and ranching operations does not prevent the project from twisting the regulatory exemptions away from their purpose of protecting agricultural and ranching lands and activities, and creating an unintended loophole that would allow widespread residential development of those lands.

Finally, Appellant's contention that Arizona law requiring zoning ordinances be construed against the county should likewise be applied to state statutes is also unavailing. *See Phoenix City Council v. Canyon Ford, Inc.,* 473 P.2d 797, 800 (Ariz. Ct. App. 1970). The statutes at issue have been clearly interpreted in *Braden Trust* and are not ambiguous.

AFFIRMED.